[Cite as *State v. Kirk*, 2014-Ohio-891.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-130223
                                                   TRIAL NO. B-1207881
    Plaintiff-Appellee,            :
                                                        *O P I N I O N.*
  vs.                                  :

JOHN KIRK,                              :

    Defendant-Appellant.           :



Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: March 12, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,


*J. Rhett Baker*, for Defendant-Appellant.


Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal from a conviction that was entered after a guilty plea to a burglary charge. After the plea, but before sentencing, the victim was interviewed as part of a court-mandated "presentence-investigation report." The report indicates that the victim gave an account that differed from her initial version of the story. Defendant-appellant John Kirk argues that the trial court should have dismissed the charge against him at the sentencing hearing because the victim's account in the presentence-investigation report was not sufficient to establish the elements of the offense for which he was convicted. We conclude that the court did not err when it refused to dismiss the charge based on the unsworn statement of the victim. The sentencing entry, however, incorrectly indicates that he was convicted of robbery. We remand the case so that the trial court may correct its entry to reflect a conviction for burglary.

I.

{¶2} Mr. Kirk was indicted for aggravated burglary and robbery based on Arabia Freeman's allegations that he had entered her home through an unlocked window, hit her, thrown her baby on the bed, and stolen her cellular phone and money. Following a colloquy with the trial court in which Mr. Kirk admitted the facts of the burglary offense, the court accepted the guilty plea and set the matter for sentencing in three weeks. The court also ordered that a presentence-investigation report, including a victim-impact statement, be completed by the probation department. Ms. Freeman was interviewed as part of the investigation. During the interview, Ms. Freeman apparently changed her version of the events that led to Mr. Kirk's arrest. According to the report, she claimed that she had broken her own window, that Mr. Kirk had not hit her, and

2

that he had not thrown her child. But she still maintained that Mr. Kirk had taken her phone.

{¶3}     At the sentencing hearing, the court asked whether Mr. Kirk's attorney wanted to say anything about or add to the presentence-investigation report. Counsel replied he had read the report, particularly the victim-impact statement, and that based on the report, Mr. Kirk moved for a dismissal of the charge against him. The court denied the motion and proceeded to sentence Mr. Kirk to three years' community control. The court also ordered Mr. Kirk to pay restitution to Ms. Freeman for her phone.

II.

{¶4}     In his sole assignment of error, Mr. Kirk asserts that the trial court erred when it denied his motion to dismiss the robbery charge, in light of Ms. Freeman's changed story. Mr. Kirk contends that based upon her new account, there was not sufficient evidence that he took anything with the force necessary to establish the offense of robbery. It is clear from the transcript and the plea form, however, that Mr. Kirk pleaded guilty to and was sentenced for burglary, not robbery. As part of the plea agreement, the state dismissed the robbery count. We consider therefore whether the court should have dismissed the burglary charge in light of Ms. Freeman's changed story.

{¶5}     It is significant that Mr. Kirk's counsel, who stated that he had read the presentence-investigation report, including the victim-impact statement, did not move to withdraw Mr. Kirk's guilty plea. Had Mr. Kirk made a presentence motion to withdraw his plea, the court could have held a hearing in which it could have placed Ms. Freeman under oath, determined whether she had, in fact, made the statement attributed to her in the report, and evaluated her credibility. *See* Crim.R. 32.1; *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715

(1992), paragraph one of the syllabus. Instead of a motion to withdraw his plea, however, Mr. Kirk moved to dismiss the charge against him. The trial court, faced with Ms. Freeman's unsworn statement and Mr. Kirk's knowing, intelligent and voluntary guilty plea to burglary, properly denied the motion to dismiss. We therefore overrule the sole assignment of error.

### III.

{¶6} We note, however, that the trial court's judgment entry incorrectly indicates that Mr. Kirk's conviction was for robbery. We therefore remand the matter to the trial court so that it can correct its judgment entry by nunc pro tunc entry to indicate the actual offense for which Mr. Kirk was convicted.

Judgment affirmed and cause remanded.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.